UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TAD BEAR WILSON | ) | Case No. 09-15606 EEB |
| SSN: XXX-XX-7660 | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

**DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. _707(b)(1), (2) AND (3)**

The Debtor, by his attorney, John Turner, respectfully submits the following response to the United States Trustee's Motion to Dismiss:

1. Debtor requests a hearing on the motion.

2. Testimony and evidence to be presented at the hearing on this matter will establish that the granting of relief to the debtor under Chapter 7 would not be an abuse of Chapter 7. The motion should be denied for the following reasons:

   A. The debtor made substantial efforts to avoid bankruptcy.

   B. The debtor has honestly presented his financial affairs in the petition and schedules.

   C. His expenses have and will continue to increase.

   D. The debtor can deduct the secured debt payment on his rental property even if he is surrendering it.

   E. The debtor is entitled to a rental expense. The U.S. Trustee's position essentially requires the debtor's girlfriend to fund a chapter 13 plan.

   F. The debtor's paycheck deductions taken on the means test are accurate.

1

    G.    The debtor's actual expenses are reasonable and therefore they should not be reduced to the arbitrary figures derived from the IRS standards for purposes of a 707(b)(3) analysis.

    H.    The debtor's retirement contributions are allowable expenses in the 707(b)(2) analysis insofar as they lead to a reduction in what the debtor would have to pay if he was forced to convert to Chapter 13. *In re Skvorecz*, 369 B.R. 638 (Bankr.D.Colo. 2007)

    I.    The debtor's retirement plan contributions are allowable expenses in a 707(b)(3) analysis.

    J.    The debtor's passing of the means test precludes a motion to dismiss under 707(b)(3).

    K.    Under the totality of the circumstances, the Debtor's overall budget is reasonable.

Wherefore, the Debtor requests the United States Trustee's Motion to Dismiss under 11 U.S.C. §707(b)(1), (2) and (3) be denied.

Respectfully submitted,

 /s/John Turner
John Turner, Reg. No. 13017
Attorney for the Debtor
421 S. Tejon Street, Suite 112
Colorado Springs, CO 80903
(719) 632-2022
Facsimile: (719) 578-5487
E-mail: john@attorneyjturner.com

**CERTIFICATE OF MAILING**

      I hereby certify that a true and correct copy of the foregoing DEBTORS' RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. §707(b)(1), (2) and (3) was mailed, postage prepaid, this 24th day of July, 2009, to the following:

Leo M. Weiss
Trial Attorney for the U.S. Trustee
U.S. Trustee's Office
999 Eighteenth Street
Suite 1551
Denver, CO 80202

                                                                /s/John Turner